1
2
3
4
5
6

THE HONORABLE BENJAMIN H. SETTLE

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8

9

10

**COLUMBIA RIVERKEEPER**, a
Washington non-profit corporation, ,

Case No. 09-5707 (BHS)

11

Plaintiff,

12

v.

**CONSENT DECREE**

13

**CHINOOK VENTURES, INC., DBA
CHINOOK VENTURES, LV**, a Nevada
Corporation,

14

15

Defendant.

16        WHEREAS on November 13, 2009, Plaintiff Columbia Riverkeeper ("CRK") filed a

17    Complaint for Declaratory and Injunctive Relief and Civil Penalties against Defendant

18    Chinook Ventures, Inc., dba Chinook Ventures LV ("Chinook Ventures") alleging violations

19    of the Clean Water Act, 33 U.S.C. §1251 et seq. related to discharges of stormwater, process

20    wastewater and/or pollutants from Defendant's facility located at 4029 Industrial Way,

21    Longview, Washington ("Facility") and the management of this Facility seeking declaratory

22    and injunctive relief, civil penalties, and attorney fees and costs; and

23        WHEREAS, counsel for the parties to this action have engaged in discussions

24    relating to the potential settlement of this litigation, which discussions have included an

25    assessment of the facts surrounding the alleged violations; and

26

CONSENT DECREE: Case No. 07-5089 (BHS) - 1

1   WHEREAS, Plaintiff and Defendant agree that settlement of these matters is in the

2   best interest of the parties and the public, and that entry of this Consent Decree (the

3   "Decree") without additional litigation is the most appropriate means of resolving these

4   actions; and

5   WHEREAS, Plaintiff and Defendant, by their authorized counsel and without trial or

6   final adjudication of the issues of fact or law, consent to entry of this decree to avoid the

7   risks of litigation and to fully and finally resolve the controversy described herein.

8   NOW THEREFORE, without trial of any issue of fact or law, and without admission

9   by Defendant of the facts or violations alleged in the Complaint, and upon consent of the

10   parties, and upon consideration of the mutual promises contained in this decree, it is hereby

11   ORDERED, ADJUDGED AND DECREED as follows:

12   1.   This Court has jurisdiction over the parties and subject matter of the action;

13   2.   Each undersigned representative for the parties certifies that he or she is fully

14   authorized by the party represented to enter into the terms and conditions of this Decree and

15   to legally bind the parties.

16   3.   This Decree constitutes a full and complete settlement of the claims alleged in

17   the Complaint in this case and all other claims, known and unknown, that relate to the

18   Facility and could be asserted under the Clean Water Act arising from operations of the

19   Facility up through and until entry of this Consent Decree.  Plaintiff reserves its rights with

20   respect to all violations of the Clean Water Act occurring at or related to the Facility after the

21   date of entry of this Consent Decree.

22   4.   This Decree shall not constitute evidence in any proceeding, an admission or

23   adjudication with respect to any allegation of the Complaint, any fact or conclusion of law

24   with respect to any matter alleged in or arising from the Complaint, or the admission or

25   evidence of any wrongdoing or misconduct on the part of the Defendant or its successors.

26

CONSENT DECREE: Case No. 07-5089 (BHS) - 2

5.      In full and complete satisfaction of the claims covered by the Complaint filed in this case and all other claims covered by this Decree, as described in Paragraph 3, Defendant agrees to abide by and be subject to the following terms and conditions, until Defendant is no longer the operator of the Facility:

a.      Defendant will comply with its National Pollutant Discharge Elimination System Permit ("NPDES permit"), including limiting the handling of bulk storage activities to those covered by its NPDES permit.

b.      Defendant shall provide a copy of all correspondence with the Washington Department of Ecology, including Discharge Monitoring Reports, to Plaintiff for a period of three years from the date of this Consent Decree, on a monthly basis.

c.      Defendant will submit a complete NPDES permit renewal application by March 1, 2011.

d.      Defendant will hire a third-party expert engineer to make recommendations for petroleum coke bulk storage, including best management practices to control storm water runoff.  Plaintiff must approve this expert and Defendant agrees to implement all recommendations from this expert.

e.      Defendant will hire a third-party expert to inspect the wastewater treatment plant and make recommendations for upgrades, as necessary.  Plaintiff must approve this expert and Defendant agrees to implement all recommendations from this expert.

f.      Defendant will not import or expert petroleum coke or coal until those activities are explicitly covered by an NPDES permit and have been through State Environmental Policy Act ("SEPA") review by Cowlitz County.

g.      Defendant will pay a stipulated penalty of $2,000 per day per violation for each violation of the terms of its NPDES permit or this Consent Decree

CONSENT DECREE: Case No. 07-5089 (BHS) - 3

1  for which the Washington Department of Ecology has not assessed a penalty.  This

2  penalty shall be payable to the Washington Toxics Coalition and applicable to the

3  project described below in paragraph 6.

4       6.       Within thirty (30) days of the entry of this Consent Decree, Defendant shall

5  make a payment of $190,000 to the Washington Toxics Coalition for the project titled

6  "Targeted Toxics Monitoring and Toxics Reduction in the Lower Columbia River."  The

7  payment to Washington Toxics Coalition shall be made by check payable and mailed to

8  Washington Toxics Coalition, attn: Laurie Valeriano, 4649 Sunnyside Ave., N., Suite 540,

9  Seattle, WA 98103.

10      7.       Within thirty (30) days of the entry of this Consent Decree, Defendant shall

11  pay Plaintiff's reasonable attorney fees and costs in the amount of $112,666.38 by check

12  payable and mailed to Plaintiff's counsel as set forth in Paragraph 13 of this Consent Decree

13  in full and complete satisfaction of Plaintiff's claim for attorneys fees and costs under the

14  Clean Water Act.

15      8.       The Court shall retain jurisdiction over this matter and allow this case to be

16  reopened without an additional filing fee for the purpose of enabling the parties to this

17  Decree to apply to the Court for any further Order that may be necessary to construe, carry

18  out, enforce compliance or resolve any dispute regarding the terms or conditions of this

19  Decree.  In the event Plaintiff believes Defendant is not in compliance with this Decree,

20  Plaintiff shall provide written notice to Defendant describing the asserted noncompliance.

21  Defendant shall thereafter have 30 days to respond in writing describing any corrective

22  action taken or contesting the asserted violation.  If after Defendant's response the parties

23  remain in dispute regarding implementation of or compliance with this Decree, the parties

24  shall first attempt to informally resolve the dispute through meetings between the parties,

25

26

CONSENT DECREE: Case No. 07-5089 (BHS) - 4

which shall take place within 14 days after Defendant's written response.  If no resolution is reached through informal meetings, the parties may resolve the dispute by filing motions with the Court.

9.      The parties recognize that no consent judgment can be entered in a Clean Water Act suit in which the United States is not a party prior to 45 days following the receipt of a copy of the proposed consent judgment by the U.S. Attorney General and the Administrator of the U.S. EPA pursuant to 33 U.S.C. §1365(c)(3).  Upon signing of this Consent Decree by the parties, Plaintiff shall serve copies of it upon the Administrator of the U.S. EPA and the U.S. Attorney General.

10.      This Consent Decree shall take effect on the date it is entered by the Court. This Consent Decree shall terminate sixty (60) days following completion of all obligations under it.

11.      This Consent Decree may be modified only upon the written consent of the parties and the approval of the Court.

12.      If for any reason the Court should decline to approve this Decree in the form presented, this Decree and the settlement contained within shall be voidable at the sole discretion of either party.  The parties agree to continue negotiations in good faith in an attempt to cure any objection raised by the Court to entry of this Decree.

13.      Notifications or copies required by this Decree shall be made to:

For Plaintiff:

R. Scott Jerger
Field Jerger LLP
621 SW Morrison, Suite 12325
Portland, Oregon 97205

CONSENT DECREE: Case No. 07-5089 (BHS) - 5

1

2    <u>For Defendant:</u>

3    Laura Maffei
     Schwabe, Williamson & Wyatt
4    1211 SW 5th Avenue, Suite 1900
     Portland, Oregon 97204
5

6    Dated and entered this _____ day of _____, 2010.

7

8                              By: _____
9                                   BENJAMIN H. SETTLE
                                  U.S. DISTRICT JUDGE

10

11    COLUMBIA RIVERKEEPER

12    Signature: _____

13    Title: Executive Director

14    Date: Oct. 22, 2010

15

     CHINOOK VENTURES, INC.
16    Signature: Barry Allum

17    Title: Printer

18    Date: Oct 28, 2010

19

20

21

22

23

24

25

26

CONSENT DECREE: Case No. 07-5089 (BHS) - 6